UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10083-RGS

COY PHELPS

v.

JEFFREY GRONDOLSKY

MEMORANDUM AND ORDER

February 24, 2011

STEARNS, D.J.

On January 14, 2011, Coy Phelps, a civilly committed person who is confined at FMC Devens, filed a petition for a writ of habeas corpus. For the reasons set forth below, the Court will <u>DENY</u> the petition.

<u>BACKGROUND</u>

Phelps challenges his custody on the ground that the Federal Bureau of Prisons ("BOP") is without authority to confine him. Phelps argues that, if a state refuses to accept custody of a civilly committed person, the Attorney General must unconditionally release the person. In support of this argument, he references <u>Ecker v. United States</u>, 575 F.3d 70 (1st Cir. 2009), a case which Phelps characterizes as an "intervening change in the First Circuit decisions on the issue of whether the Federal Bureau of Prisons has lawful custody of federal civil commitments." Pet. at 1. Phelps acknowledges that the First Circuit has addressed the question of the propriety of his confinement, but he infers that the First Circuit only ruled on the question of whether FMC Devens is a "suitable facility."

The petition has not been served so that the Court may first determine whether the respondent should be required to reply to the petition. <u>See</u> 28 U.S.C. § 2243 (providing

that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

<u>DISCUSSION</u>

Contrary to Phelps's assertion, the First Circuit has already explicitly rejected Phelps's argument that the Federal Bureau of Prisons is without authority to confine him. In the judgment issued in <u>Phelps v. Holder</u>, App. No. 09-2541 (1st Cir. Feb. 24, 2010), the First Circuit stated, "[W]e remind plaintiff that we have already rejected his argument that the Federal Bureau of Prisons does not have lawful custody of him because he is a civilly committed person rather than a prisoner." <u>see also</u> Judgment in <u>Phelps v. Sabol</u>, App. No. 08-1474 (1st Cir. Nov. 13, 2008); ("We have already rejected plaintiff's claim that the Federal Bureau of Prisons (BOP) does not have lawful custody of him because he is a civilly committed person rather than a prisoner.").

The <u>Ecker</u> decision, does not have any bearing on the First Circuit's rejections of Phelps's argument concerning the authority of the BOP to confine him. As a threshold matter, it was issued <u>prior</u> to the First Circuit's judgment in <u>Phelps v. Holder</u>. Further, <u>Ecker</u> did not address whether the BOP has the authority to confine a person who suffers from a mental defect. The core issues in <u>Ecker</u> were whether 18 U.S.C. § 4246(e) or 18 U.S.C. § 4246(g) applies to the conditional release of a person who had been committed to the custody of the Attorney General after being found incompetent to stand trial, and whether the prerequisites for conditional release had been satisfied. <u>See</u> <u>Ecker</u>, 575 F.3d at 77-82. The case law from the Fourth Circuit that Phelps cites is also irrelevant to his argument.

## ORDER

Because Phelps has not set forth a colorable argument that his confinement is in violation of the law, the petition for a writ of habeas corpus is <u>DENIED</u>.  This action is dismissed.


SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE